UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JERRY DEAN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 19-243-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BELL COUNTY DETENTION CENTER, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Jerry Dean Robinson, a pretrial detainee being held at the Bell County Detention Center, has filed a *pro se* civil rights complaint. [Record No. 1] The Court previously granted Robinson's motion to pay the filing fee in installments. [Record No. 6] The complaint is pending for initial screening. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Following screening, the Court Will dismiss a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

For a variety of reasons, the Court will dismiss Robinson's complaint. First, it fails to satisfy the general pleading standards of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than

an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Robinson alludes to a variety of allegations including a lack of mental healthcare, unsanitary living conditions, poor food, and an insufficient grievance process. [Record No. 1 at 2, 4, 8.] But the broad allegations are wholly unsupported by dates, names, or other details that would demonstrate an entitlement to relief. While the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Overall, Robinson's allegations are too threadbare to state a claim upon which relief may be granted.

Next, the only identified defendant to the complaint is the Bell County Detention Center. [Record 1 at 1] A county jail or detention center is not a suable entitle apart from the county that operates the facility. *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). And even if the Court construed Robinson's claims as ones against Bell County rather than the detention center, dismissal would be appropriate. "To prevail in a § 1983 claim against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Here, Robinson does not allege that his claims are the product of a county policy or custom. [Record No. 1] Thus, his complaint does not state a viable § 1983 claim against Bell County.

In the end, Robinson's broadly-phrased claims fall short of the Rule 8 pleading standards, and the complaint does not articulate a viable claim against the Bell County Detention Center or Bell County. Where a complaint fails to state a claim upon which relief may be granted, the Prison Litigation Reform Act provides for dismissal on screening. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is hereby

**ORDERED** that Robinson's complaint [Record No. 1] is **DISMISSED** and this action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: October 18, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky